UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| Marleen Rickard, *on behalf of herself and others similarly situated*, | ) ) ) | Civil Action No.: |
| Plaintiff, | ) ) | Jury Trial Demanded |
| v. | ) ) | |
| AT&T, Inc., | ) ) | |
| Defendant. | ) ) | |

**CLASS ACTION COMPLAINT**

**Nature of the Action**

1. Marleen Rickard ("Plaintiff") brings this class action against AT&T, Inc. ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Section 227(b)(1)(A)(iii) of the TCPA sets forth restrictions on the use of automated telephone equipment and prerecorded voice calls, and provides in pertinent part:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>
> \*\*\*\*\*
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

3. Upon information and belief, Defendant routinely violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with non-emergency calls

1

it places to telephone numbers assigned to a cellular telephone service, without prior express consent.

4. More specifically, upon information and belief, Defendant routinely uses an artificial or prerecorded voice in connection with non-emergency calls it places to wrong or reassigned cellular telephone numbers that do not belong to the intended recipients of Defendant's calls. *See Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 640 (7th Cir. 2012) ("Consent to call a given number must come from its current subscriber.").

## Jurisdiction

5. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

6. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where a substantial part of the events giving rise to this action occurred in this district.

7. Defendant directed its artificial or prerecorded voice messages to Plaintiff's cellular telephone number in this district, and Plaintiff received those artificial or prerecorded voice messages in this district.

## Parties

8. Plaintiff is a natural person who at all relevant times resided in Lake Station, Indiana.

9. Defendant is one of the largest telecommunications providers in the country, with its principial office located in Dallas, Texas.

10. Defendant provides wireless and broadband connectivity to millions of customers nationwide.[1]

---

[1] *See* https://about.att.com/pages/corporate-profile (last visited November 26, 2024).

## Factual Allegations

11. Plaintiff is, and has been since 2019, the subscriber to and sole and customary user of her cellular telephone number—(XXX) XXX-6202.

12. Since at least 2019, telephone number (XXX) XXX-6202 has been assigned to a cellular telephone service.

13. No later than July 2023, Defendant began placing calls and delivering, or causing to be delivered, artificial or prerecorded voice messages to telephone number (XXX) XXX-6202.

14. Defendant placed or caused to be placed its telephone calls and left or caused to be left artificial or prerecorded voice messages to telephone number (XXX) XXX-6202 intending to reach someone other than Plaintiff.

15. On July 6, 2023, Defendant delivered, or caused to be delivered, an artificial or prerecorded voice message to telephone number (XXX) XXX-6202 stating:

> Hi, this is an important call from AT&T regarding your account number 287407439. Please contact us at (888) 470-0655. AT&T appreciates your business.

16. The tone and speech pattern of this July 6, 2023 voice message, which Plaintiff received and listened to, are consistent with the use of an artificial or prerecorded voice, and not consistent with live speech.

17. When dialed, telephone number (888) 470-0655 plays an automated greeting that begins: "Please say or enter the AT&T account number that you're calling about today."

18. On July 7, 2023, Defendant delivered, or caused to be delivered, an identical artificial or prerecorded voice message to telephone number (XXX) XXX-6202 stating:

> Hi, this is an important call from AT&T regarding your account number 287407439. Please contact us at (888) 470-0655. AT&T appreciates your business.

3

19. The tone and speech pattern of this July 7, 2023 voice message, which Plaintiff received and listened to, are consistent with the use of an artificial or prerecorded voice, and not consistent with live speech.

20. On July 10, 2023, Defendant delivered, or caused to be delivered, an identical artificial or prerecorded voice message to telephone number (XXX) XXX-6202 stating:

> Hi, this is an important call from AT&T regarding your account number 287407439. Please contact us at (888) 470-0655. AT&T appreciates your business.

21. The tone and speech pattern of this voice July 10, 2023 message, which Plaintiff received and listened to, are consistent with the use of an artificial or prerecorded voice, and not consistent with live speech.

22. On July 12, 2023, Defendant delivered, or caused to be delivered, an identical artificial or prerecorded voice message to telephone number (XXX) XXX-6202 stating:

> Hi, this is an important call from AT&T regarding your account number 287407439. Please contact us at (888) 470-0655. AT&T appreciates your business.

23. The tone and speech pattern of this voice July 12, 2023 message, which Plaintiff received and listened to, are consistent with the use of an artificial or prerecorded voice, and not consistent with live speech.

24. Plaintiff received additional artificial or prerecorded voice messages from Defendant prior to July 2023.

25. Upon information and belief, Defendant's records will identify each call it placed or caused to be placed to telephone number (XXX) XXX-6202.

26. Upon information and belief, Defendant's records will identify each artificial or prerecorded voice message it played or delivered, or caused to be played or delivered, or attempted to play or deliver, or caused to be attempted to be played or delivered, to telephone number (XXX) XXX-6202.

27. Plaintiff never provided her cellular telephone number to Defendant.

28. Plaintiff does not have an account with Defendant.

29. Plaintiff does not have any business relationship with Defendant.

30. At the time of Defendant's subject telephone calls to her cellular telephone number, Plaintiff did not have an account or any business relationship with Defendant.

31. Plaintiff does not know the accountholder for Defendant's account number 287407439.

32. Plaintiff does not know whether the accountholder for Defendant's account number 287407439 provided telephone number (XXX) XXX-6202 to Defendant.

33. Around the time of Defendant's July 2023 telephone calls to her cellular telephone number, Plaintiff spoke with one of Defendant's representatives to explain that Defendant had reached the wrong person and that she did not have an account with Defendant.

34. Because Plaintiff is not the accountholder for Defendant's account number 287407439, Defendant's representative would not provide any information to Plaintiff concerning the telephone calls at issue.

35. Plaintiff did not provide Defendant with consent to place or cause to be placed calls to telephone number (XXX) XXX-6202 in connection with which Defendant used or caused to be used an artificial or prerecorded voice.

36. Defendant did not have Plaintiff's prior express consent to place or cause to be placed any calls to telephone number (XXX) XXX-6202 in connection with Defendant's account number 287407439.

37. Defendant placed or caused to be placed the subject calls to telephone number (XXX) XXX-6202 for non-emergency purposes, as indicated by the content of the messages.

38. Defendant placed or caused to be placed the subject calls to telephone number (XXX) XXX-6202 voluntarily.

39. Defendant placed or caused to be placed the subject calls to telephone number (XXX) XXX-6202 under its own free will.

40. Defendant had knowledge it was using or causing to be used an artificial or prerecorded voice in connection with the subject calls it placed or caused to be placed to telephone number (XXX) XXX-6202.

41. Plaintiff suffered actual harm as a result Defendant's subject calls to telephone number (XXX) XXX-6202, in connection with which Defendant used or caused to be used an artificial or prerecorded voice, in that Plaintiff suffered an invasion of privacy, an intrusion into her life, a private nuisance, and was forced to spend time attempting to get Defendant's calls and prerecorded voice messages to stop.

42. Plaintiff found Defendant's artificial or prerecorded voice messages to be irritating and invasive.

43. Upon information and belief, Defendant, as a matter of pattern and practice, uses or causes to be used an artificial or prerecorded voice in connection with calls it places or causes to be placed to telephone numbers assigned to a cellular telephone service, absent prior express consent.

**Class Action Allegations**

44. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b) on behalf of herself and a class of similarly situated individuals as defined below:

> All persons throughout the United States (1) to whom AT&T, Inc. placed, or caused to be placed, a call, (2) directed to a telephone number assigned to a cellular telephone service, but not assigned to a person who has or had an account with AT&T, Inc. at any time from four years prior to the filing of this complaint through the present, (3) in connection with which AT&T, Inc. used or caused to be used an

6

artificial or prerecorded voice, (4) from four years prior to the filing of this complaint through the date of class certification.

45. Excluded from the class are Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

46. Upon information and belief, the members of the class are so numerous that joinder of all of them is impracticable.

47. The exact number of class members is unknown to Plaintiff at this time and can only be determined through appropriate discovery.

48. The proposed class is ascertainable because it is defined by reference to objective criteria.

49. In addition, the members of the class are identifiable in that, upon information and belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant and by third parties, including class members.

50. Plaintiff's claims are typical of the claims of the members of the class.

51. As it did for all members of the class, Defendant placed calls to Plaintiff's cellular telephone number in connection with which it used an artificial or prerecorded voice.

52. Plaintiff's claims, and the claims of the members of the class, originate from the same conduct, practice, and procedure on the part of Defendant.

53. Plaintiff's claims are based on the same theories as the claims of the members of the class.

54. Plaintiff suffered the same injuries as the members of the class.

55. Plaintiff will fairly and adequately protect the interests of the members of the class.

56. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the class.

57. Plaintiff will vigorously pursue the claims of the members of the class.

58. Plaintiff has retained counsel experienced and competent in class action litigation.

59. Plaintiff's counsel will vigorously pursue this matter.

60. Plaintiff's counsel will assert, protect, and otherwise represent the members of the class.

61. The questions of law and fact common to the members of the class predominate over questions that may affect individual members of the class.

62. Among the issues of law and fact common to the class are:

   a. Defendant's violations of the TCPA;

   b. Defendant's conduct, pattern, and practice as it pertains to dialing wrong or reassigned cellular telephone numbers;

   c. Defendant's conduct, pattern, and practice as it pertains to placing calls in connection with which it used an artificial or prerecorded voice to wrong or reassigned cellular telephone numbers;

   d. Defendant's use of an artificial or prerecorded voice in connection with its calls; and

   e. the availability of statutory penalties.

63. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

64. If brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

65. The pursuit of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class and could substantially impair or impede their ability to protect their interests.

66. The pursuit of separate actions by individual members of the class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

67. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class.

68. The damages suffered by individual members of the class may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the class to redress the wrongs done to them.

69. The pursuit of Plaintiff's claims, and the claims of the members of the class, in one forum will achieve efficiency and promote judicial economy.

70. There will be little difficulty in the management of this action as a class action.

### Count I: Violations of 47 U.S.C. § 227(b)(1)(A)(iii)
### On behalf of Plaintiff and the class

71. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 70.

72. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with calls it placed, or caused to be placed, to Plaintiff's cellular telephone number, and to the cellular telephone numbers of the members of the class, without consent.

73. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the class are entitled to damages in an amount to be proven at trial.

**Prayer for Relief**

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

(a) Determining that this action is a proper class action;

(b) Designating Plaintiff as the class representative under Rule 23 of the Federal Rules of Civil Procedure;

(c) Designating Plaintiff's counsel as class counsel under Rule 23;

(d) Adjudging and declaring that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii), and enjoining Defendant from continuing to place calls by using an artificial or prerecorded voice to Plaintiff and members of the proposed class without their prior express consent, and from committing further violations of 47 U.S.C. § 227(b)(1)(A)(iii);

(e) Awarding Plaintiff and the members of the class damages under 47 U.S.C. § 227(b)(3)(B);

(f) Awarding Plaintiff and members of the class their reasonable costs, expenses, and attorneys' fees incurred in this action, including expert fees, pursuant to Rule 23; and

(g) Awarding other and further relief as the Court may deem just and proper.

**Jury Trial Demanded**

Plaintiff hereby demands a trial by jury.

Dated: November 26, 2024

*/s/ Michael L. Greenwald*
Michael L. Greenwald
GREENWALD DAVIDSON RADBIL PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
Tel: (561) 826-5477
mgreenwald@gdrlawfirm.com

Counsel for Plaintiff and the proposed class